[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATIONS TO CONFIRM AND TO VACATE ARBITRATION AWARD
Plaintiff applies to vacate an arbitration award of August 27, 1992 (The Award) and defendant applies to confirm.
FACTS
On June 10, 1988 plaintiff was injured while riding as a passenger in a car owned by him and his wife which was insured by defendant under Policy No. 086444F2007. Plaintiff then owned two other motor vehicles. One, a Ford pickup was insured by defendant under Policy No. CT Page 2516 0086445F2007, and one, a Chevrolet Suburban Sport Wagon, was insured by defendant under Policy No. 0090922F0307 with a policy period of December 3, 1987 to June 3, 1988.[1] Each of those three policies contained uninsured motorist limits in the amount of $250,000 per person/$500,000 per accident. At the time of the accident, the operator (tortfeasor) of the vehicle which struck the vehicle in which the plaintiff was riding as a passenger was insured by the Norfolk Dedham Group (Norfolk) under a $300,000 single limit liability policy.
Plaintiff exhausted the liability limits of the policy issued by Norfolk and submitted the underlying claim for underinsured motorist benefits under the three policies of insurance issued by defendant. Defendant denied liability on the basis of the Supreme Court's holding in Covenant Ins. Co. v. Coon, 220 Conn. 30 (1991). It argued that because the uninsured motorist limits on each of the three policies issued by defendant did not exceed the liability limit of the Norfolk policy, the tortfeasor's vehicle could not be considered "underinsured" with regard to any of defendant's policies.
On June 19, 1986 plaintiff and his wife applied for two policies for two of their three vehicles, completing separate applications for each of those two. On December 3, 1986 they sent a third application for a policy on their third vehicle. After receipt of the first two of those applications defendant issued two of the policies of insurance which are at issue in this action for a policy period beginning December 20, 1987. After receipt of the third application defendant issued a policy of insurance with a policy period beginning December 3, 1987.
It is defendant's practice to issue a separate insurance policy on each automobile it insures. That practice was implemented at the time the company was founded in 1922.
On July 17, 1992, plaintiff's claim went to arbitration before a panel of three arbitrators. At the commencement of that hearing, it was agreed that the sole issue to be decided by the arbitrators was whether there was coverage under the policies of insurance issued by defendant. Defendant there stipulated, for purposes of that hearing, that the operator of the vehicle which struck the plaintiff's vehicle was CT Page 2517 solely responsible for the accident and, moreover, that the tortfeasor's liability insurance had been exhausted.
The arbitrators, by majority decision, on August 11, 1992, issued an award in favor of the defendant. They found that the three policies against which the plaintiff asserted his claim for underinsured motorist benefits were separate and distinct policies and by virtue of the rule of Covenant v. Coon, supra, concluded that the tortfeasor was not underinsured under Conn. General Statutes 38a-336.
Court's Duty
The court clearly is to decide de novo questions of law arising in arbitration proceedings brought to the court under Conn. General Statutes 52-408 et seq. American Universal Insurance Co. v. Del Greco, 205 Conn. 171, 191.
Where there are no factual issues "the intent of the parties and thus the meaning of ran insurance policy] is a factual question subject to limited . . . review" Aetna Life and Casualty Insurance Co. v. Bulaong, 218 Conn. 51, 58.
Plaintiff states in its memorandum of November 17, 1992 that there were not three policies but only one. The evidence could support a finding that there were three. This factual question was decided against the plaintiff. Thus, Aetna Life is not applicable.
However, this court must apply to the arbitrator's findings the "substantial evidence" test as set out in Chmielewski v. Aetna, 218 Conn. 546. The court there stated "`Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the administrative agency's findings of basic fact and whether the conclusions drawn from those facts [sic] are reasonable." id. 660 fn. 15.[2]
The arbitrators in their award found (1) that plaintiff "was an insured under three separate and distinct motor vehicle policies"; (2) that defendant "issued the policies individually and separately in the ordinary course of business", and (3) (just to drive the point home), that the "policies against which claims are made are separate and CT Page 2518 distinct." The record supports each of those findings and conclusions.
Law
The statute, C.G.S. 38a-336(d), provides that "an `underinsured motor vehicle' means a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the [underinsured or uninsured motorist] policy."
The parties, the arbitrators and the court all consider Covenant v. Coon, 220 Conn. 30 to be pivotal to the decision here. The second question in Covenant was "whether underinsured motorist coverage under separate policies covering the victim may be `stacked' for the purposes of determining if a vehicle is underinsured." id. 31. In Covenant the two policies that the arbitrator erroneously stacked were separate and distinct policies written by two separate insurance companies. This would indicate that the policies in Covenant were more clearly proven to be separate and distinct than in the instant case. However, they were found to be separate and distinct in the instant case; that's enough.
Motion to vacate is denied.
Motion to confirm is granted.
N. O'Neill, J.